CRICHTON, J.,
additionally concurs and assigns reasons:
| ¶ While I agree with the unanimous opinion of this Court, I write separately to comment on the defendant’s twenty-first through twenty-fifth assignments of error: the allegations of impermissible communication and contact between a deputy sheriff and a sequestered juror (here, an alternate juror, A.A.). The mere allegation of such in a capital case is troubling. But after thorough review of the post-verdict evidentiary hearing, I believe — as did the trial judge — that there is woefully insufficient evidence of misconduct that warrants further inquiry, much less reversal of this conviction and death sentence.
I take this opportunity, first, to admire the fundamental concept of the right to trial by jury; second, to emphasize the fact that court officers have a significant role in preserving and honoring what I embrace as sacred.
In Democracy in America, Alexis de Tocqueville wrote these words about the uniquely democratic concept of trial by jury:
The institution of the jury ... preserves its republican character, in as much as it places the real direction of society in the hands of the governed, or of a portion of the governed, instead of leaving it under the authority of the Government.
[[Image here]]
It invests each citizen with a kind of magistracy; [and] it makes them all feel the duties which they are bound to discharge towards society; and the part which they take in the Government.
laALEXIS DE ToCQUEVILLE, 1 DEMOCRACY IN America 263-266 (Henry Reeve trans,-, George Adlard 2d ed. 1839).
These powerful words are as applicable today as they were in the 19th century. When we view the jury as a democratic *697 institution, we also embrace the obligation that its integrity be maintained, and never compromised. Because of the potential consequences, maintaining a pristine jury is especially important for a capital trial. See, in particular, Wellons v. Hall, 558 U.S. 220, 130 S.Ct. 727, 728, 175 L.Ed.2d 684 (2010) (“From beginning to end judicial proceedings conducted for the purpose of deciding whether a defendant shall be put to death must be conducted with dignity and respect.”).
Deputy sheriffs — charged with overseeing a sequestered juror in a capital case— honor the institution of the jury by carrying out the dual roles of providing security and excluding outside influences to the jury. See La. C.Cr.P. art. 791(A)-(B). I agree with the St. Tammany Parish Sheriffs Office that the deputy sheriff exhibited “poor judgment.” Nonetheless, here, as concluded by the trial judge, there is no error (i.e., no L.a. C.E. art. 606(B) outside influence or extraneous prejudicial information brought to bear on any of the 12 deliberating jurors).
For, as de Tocqueville observed almost two centuries ago, I believe we must honor the institution of the jury and safeguard its integrity — especially in capital trials. Our criminal justice system deserves no less.